IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RORY DARNELL TAYLOR, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:17-CV-148-D |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. Petitioner is currently incarcerated at the Neal Unit pursuant to two convictions, one for the offense of possession of a controlled substance with intent to deliver and the resultant 40-year sentence and the second for evading arrest/detention, enhanced, and the resultant 20-year sentence. Both convictions are out of the 2nd Criminal District Court of Dallas County, Texas. *See State v. Taylor*, Nos. F-1251511-I and F-1251510-I. [ECF 3 AT 2; 10 at 3; 10-1 at 2]. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On January 13, 2017, in disciplinary case number 20170138783, petitioner was charged with

Page **1** of **11**

the offense of tampering with a locking mechanism, a Level 2, Code 18.2 violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders.* [ECF 14-2 at 5]. Specifically, it was alleged that on January 10, 2017, petitioner, "did tamper with A-1-07 cell door by inserting the threaded top of a toothpaste bottle into the door track." *Id.* Upon his notification on January 13, 2017, petitioner was advised of his rights to call and question witnesses (including the charging officer), present documentary evidence, and be represented by counsel substitute. *Id.* at 6. Petitioner indicated he wished to attend the disciplinary hearing, and petitioner requested counsel substitute. *Id.* at 3, 7.

A Disciplinary Hearing Officer (DHO) conducted petitioner's disciplinary hearing on January 26, 2017. *Id.* at 3-4. The DHO found petitioner guilty of tampering with a locking mechanism based on the offense report, as well as testimony from the charging officer, and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time credit.[1] *Id.* at 3.

Petitioner filed a Step 1 Grievance arguing:

1. The DHO denied him the right to call witnesses; specifically, Officers Jones and Hyde; and,

2. The DHO erred in failing to hold his disciplinary hearing within seven (7) days of the offense date.

[ECF 14-1 at 3-4].

On February 7, 2017, relief was denied at Step 1 with the following response:

> Major disciplinary case #20170138783 has been reviewed. You were provided an opportunity to attend your hearing in order to present your defense but, were excluded during your hearing due to the fact you were being argumentative all through your hearing. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

> the charges. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. Furthermore, you state that Officer Jones did not make a statement but that is untrue he gave the Counsel Sub his statement which is attached to your disciplinary and also you were given the opportunity to give Ms. Perez a list of witnesses and you only gave her Officer Jones. No corrective action is warranted for this appeal.

*Id.* at 4. Petitioner then filed a Step 2 Grievance re-urging these arguments and also arguing the DHO was not impartial. *Id*. at 5. On February 16, 2017, relief was again denied with findings that:

> A review of Disciplinary Case #20170138783 has been completed. There was sufficient evidence presented to sustain the 18.2 and the finding of guilt. The hearing was conducted per policy and there were no due process or procedural errors noted. Records reflect that the punishment was within Agency for this offense. Records reflect that your only witness requested has a statement on file with you (sic) Disciplinary. Further, you were given the opportunity at the hearing to present your defense and you had to be removed after ignoring repeated warnings to not be disruptive. You have not presented any evidence or information that was not considered by the investigator at Step 1. The available evidence supports the conclusion of the Step 1 investigation and it appears that the Step 1 answer addressed your complaint. Your administrative remedies are considered exhausted. No further action [is] warranted by this office.

*Id*. at 6. Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt on the following grounds:

1.  He was denied effective assistance of counsel substitute (CS) because the CS failed to:
    a. report back to him prior to the hearing with the results of her investigation and witness interviews;
    b. Challenge his removal from the hearing;
    c. Challenge the charging officer's contradictory hearing testimony; and
    d. Challenge the DHO's denial of his request for witnesses;
2. He was denied due process because:
    a. he was denied the right to call and question witnesses;
    b. he was denied the right to a fair and impartial DHO; and

      c.  the hearing was not timely held;

3.    Grievance officials did not redress his complaints through the grievance process; and

4.    There was insufficient evidence to support the guilty finding.

## III.
## EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). No relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. However, petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only a reference to a specific federal constitutional guarantee, but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad

---

[2] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Respondent argues that petitioner has failed to exhaust his Claims (1), 2(a) and (b), (3) and (4). The Court, however, declines to address the exhaustion issue and will proceed to the merits, as is within its authority to do. *See infra*, V.

## IV.
## STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974). Those are:

(1) advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id.*. at 563-566. It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In the instant case, petitioner was notified of the charge against him on January 13, 2017 at 10:04 a.m., over twenty-four hours prior to the January 26, 2017 hearing that was held at 4:45

a.m. [ECF 14-2 at 3]. The DHO provided a written explanation of the evidence relied on and the reasons for the disciplinary action taken. *Id*. Petitioner was given the opportunity to present evidence and call witnesses, as discussed *infra*, within the scope of the hearing and as required by *Wolff*. The *Wolff* requirements have been met in this case.

V.
MERITS

A.
Ineffective Assistance of Counsel Substitute

By his first ground, petitioner asserts he was denied effective assistance of counsel substitute for multiple reasons. [ECF 3 at 6, 11]. The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff,* 418 U.S. at 570, 94). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing, as he was not entitled to representation. Because petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas relief can be granted based on ineffective assistance of counsel substitute. *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir.1976). Petitioner's first claim should be denied.

B.
Due Process Violations

By his second claim, petitioner first asserts he was denied the right to call and question witnesses; specifically, the right to call Officers Hyde and Jones. [ECF 3 at 6]. The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, the Supreme Court remarked that the discretion of prison

officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." 471 U.S. 491, 499 (1985).

As articulated by respondent, CS obtained a witness statement from Officer Jones that stated, "There was a toothpaste bottle in the door track. The [petitioner] came out after rack-up. I did not informal (sic) resolve this." [ECF 14-2 at 10]. The DHO had this statement at the hearing and considered it in issuing her finding. *Id*. at 3. Petitioner also complains of the failure to call his witness Officer Hyde. While it was Officer Hyde who found the bottle top in the door [ECF 14-2 at 4], it was another officer, Kirwan, who wrote the offense report as the charging officer. As articulated by respondent, any testimony by Officer Hyde would have been irrelevant and/or duplicative. The DHO was well within her discretion to refuse to call Officer Hyde. This case does not present one of those rare instances where the denial of witnesses, even if such was erroneous, justifies relief to petitioner. This claim concerning witness testimony at the hearing is without merit and should be denied.

Petitioner next argues his right to due process was violated because he was denied the right to have a fair and impartial decision maker at the hearing. Petitioner's claim should be denied because any claim that the hearing officer was not an impartial decision maker is conclusory. In his reply, petitioner argues the fact that the DHO had him removed from the hearing, as well as her exclusion of a requested witness, proves her bias. [ECF 15 at 8]. Petitioner has presented nothing to substantiate or support his allegation that the officer had undue bias or preconceived opinions or was not fair and neutral. The DHO's decision to not allow a witness, discussed *supra*, does not show bias. The DHO was within her right to remove petitioner from the remainder of the hearing, as he was being disruptive and argumentative. [ECF 14-2 at 3]. Conclusory allegations do not raise a

constitutional issue for habeas review and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This particular claim is without merit and should be denied.

Finally, petitioner argues his due process rights were violated because his disciplinary hearing was not timely held, *i.e.* within seven (7) days of the offense date. The TDCJ Disciplinary Rules and Procedures for Offenders reads,

> Whenever possible, minor disciplinary hearings shall be scheduled within seven days after the alleged violation, excluding weekends and holidays. If the offender is not given a hearing within seven business days, the reason for the delay shall be included in the record of the hearing.

As reflected in the disciplinary hearing record, the DHO noted that the delay in holding the hearing was due to the investigation by the CS. [ECF 14-2 at 3]. Therefore, it appears the DHO complied with TDCJ procedure. Nevertheless, even if she had not so complied, petitioner's due process claim, essentially that TDCJ officials did not follow TDCJ policies, is not cognizable on federal habeas review.

TDCJ's violation of its own internal policies and procedures does not raise constitutional issues necessary to assert a cognizable ground on federal habeas corpus review. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Petitioner's claim in this regard should be denied.

### C.
### Redress of Grievances

Petitioner argues that TDCJ officials, during the post-hearing grievance process, failed to "redress" his grievances. Specifically, petitioner argues TDCJ officials failed to review his allegations that the testimony of the charging officer was contradictory to his report, that petitioner

was denied the right to call witnesses, that the disciplinary hearing was untimely and that he was found guilty of an offense that another prisoner "admitted guilt to." [ECF 3 at 7, 13].

Assuming arguendo that TDCJ officials did fail to redress petitioner's claims during the grievance process, the claim still fails. As discussed *supra*, TDCJ's violation of its own internal policies and procedures does not raise constitutional issues necessary to assert a cognizable ground on federal habeas corpus review. Consequently, this claim should also be denied.

### D.
### Insufficient Evidence

By his final claim, petitioner argues the evidence was insufficient to support a guilty finding.[3] Petitioner argues his CS fabricated Officer Jones's witness statement and further, that another inmate admitted he was the party who was guilty of this offense. *Id.* at 13.

Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). As such, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The DHO read Officer Kirwan's witness statement into the disciplinary hearing record. In the statement, the witness testified that "I, Officer Kirwan was performing a security check and did

---

3 Although petitioner did not specifically set out a sufficiency of the evidence claim, the Court, construing petitioner's habeas application liberally, will address such a claim.

observe, at A-1-07 cell door, offender Taylor, Rory, TDCJ No. 1819630, did tamper with the cell door lock by placing the threaded top of a toothpaste bottle in the upper door track." [ECF 14-2 at 5]. At the hearing, the DHO also took testimony from Officer Kirwan. *Id.* at 3. The charging officer's report and testimony constitutes "some evidence" sufficient to support the guilty decision. Petitioner's claim as to insufficient evidence should be denied.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RORY DARNELL TAYLOR be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 17, 2018.

*[Signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).